# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-488-RJC

| | |
|---|---|
| SEAN MAURICE ROBINSON, | ) |
| Petitioner, | ) |
| vs. | ) |
| FELIPE MARTINEZ, JR., | )  **MEMORANDUM OF** |
| | )  **DECISION AND ORDER** |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1] and Addenda [Docs. 3, 4].

## I.   BACKGROUND

Petitioner, who is presently incarcerated at the Lompoc Federal Correctional Institution in Lompoc, California, pleaded guilty in this Court to conspiracy to possess with intent to distribute marijuana, Case No. 3:15-cr-264-RJC-DSC. He did not appeal.

In 2017, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 alleging a number of errors regarding his conviction and sentence that trial counsel may have been ineffective for failing to raise, Case No. 3:17-cv-124-RJC. The Court denied and dismissed the Motion to Vacate as procedurally defaulted, waived by the guilty plea, and meritless. [3:17-cv-124, Doc. 9]. The Fourth Circuit Court of Appeals dismissed Petitioner's appeal. United States v. Robinson, 724 F. App'x 255 (4th Cir. 2018).

In 2018, Petitioner sought authorization from the Fourth Circuit to file a second or successive § 2255 action, 4th Cir. Case No. 18-232, so that he could raise claims of: "Ineffective assistance of counsel. Plea was not made knowingly, willingly or voluntarily plea was under

duress. Actual innocence" [18-232, Doc. 2-1 at 3]. The Fourth Circuit denied authorization to file a second or successive § 2255 action on May 24, 2018. [Id., Doc. 6].

In December 2018, Petitioner filed a § 2241 action in the United States District Court for the Central District of California arguing that his sentence exceeds the statutory maximum and that he does not qualify as a career offender, C.D. Ca. Case No. 2:18-cv-10636-MWF-PJW. The California District Court dismissed the action for lack of jurisdiction, finding that Petitioner must bring the claims in a § 2255 action in the sentencing court, that he failed to demonstrate that the savings clause[1] applies, and that the case was not sufficiently meritorious to warrant a transfer to this Court. Robinson v. Martinez, 2019 WL 3457125 (C.D. Ca. July 31, 2019).

On September 23, 2019, Petitioner filed the instant § 2241 action pursuant to the savings clause; he challenges the career offender enhancement and asks the Court to consider post-sentencing rehabilitation. [Doc. 1]. He appears to seek resentencing without the career offender enhancement. He subsequently filed Addenda to the § 2241 Petition in which he seeks leave to amend so that he may: seek relief pursuant to Amendment 795 of the U.S. Sentencing Guidelines; argue that his prior conviction for corporal injury on a spouse does not qualify as a predicate offense for career offender sentencing; and ask the Court to consider his "post-prison rehabilitation." [Docs. 3, 4].

In 2020, Petitioner filed another § 2241 action in the Central District of California, arguing that counsel was ineffective for failing to raise the career offender challenges he raises in the instant case, as well as sentencing disparity, C.D. Ca. Case No. 2:20-cv-105415-MWF-JDE. The California District Court dismissed the action without prejudice in December 2020, again finding that the claims must be brought in a § 2255 action, and that the savings clause does not apply.

---

[1] The so-called savings clause set forth in 28 U.S.C. § 2255(e) provides that § 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that § 2255 is inadequate or ineffective.

[2:20-cv-105415, Doc. 4]. The California District Court declined to transfer the action to this Court for consideration under § 2255 because it would be an unauthorized successive § 2255 petition. [Id. at 9].

Undeterred, Petitioner filed yet another § 2241 action in the Central District of California, this time raising a claim of actual innocence, C.D. Ca. Case No. 2:21-cv-159-MWF-JDE. The California District Court again found that the savings clause does not apply and that Petitioner's claims must be brought in a § 2255 action in this Court. [2:21-cv-159, Doc. 3]. The California District Court again declined to transfer the action to this Court because it would be an unauthorized successive § 2255 petition. [Id. at 8].

**II. DISCUSSION**

Under 28 U.S.C. § 2241, federal district courts are granted authority to consider an application for a writ of habeas corpus filed by a petitioner claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Section 2241 addresses challenges to the execution of a sentence and must be brought in the district of confinement which, in this case, is the Central District of California. See generally Rumsfeld v. Padilla, 542 U.S. 426 (2004) (claim that challenges the present physical confinement must be filed in the district of confinement); see United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court."); see also United States v. Vance, 563 F. App'x 277, 278 (4th Cir. 2014) ("A prisoner wishing to challenge the BOP's computation or execution of a federal sentence may do so via a petition for a writ of habeas corpus under 28 U.S.C. § 2241 . . . in the district of his confinement following exhaustion of available

3

administrative remedies.").

Here, the Petitioner has repeatedly sought § 2241 relief in the Central District of California, where he is confined. That Court correctly found, on each occasion, that the Petitioner had failed to satisfy the savings clause. Petitioner has also failed to do so in the instant case for the same reasons discussed by the California court. See Hill v. Quintana, 2019 WL 1934892 (4th Cir. 2019) (mem.) (unpublished) (finding that *sua sponte* dismissal on the basis of improper venue is improper, but affirming on the alternate ground that petitioner had not demonstrated that § 2255 was inadequate or ineffective to test the legality of his detention); Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (*per curiam*) (if a § 2241 petition does not fall within the scope of section 2255(e)'s savings clause, the district court must dismiss the "unauthorized habeas motion ... for lack of jurisdiction."). As such, dismissal without prejudice is warranted and it is unnecessary to transfer this action to the Central District of California.

It would also be unavailing for the Court to construe this action as seeking relief under § 2255 because Petitioner has previously filed a § 2255 Motion to Vacate that was denied on the merits, and the Fourth Circuit has denied authorization to file a second or successive Motion to Vacate. Thus, even if this Court construed this action as seeking relief under § 2255, it would be dismissed for lack of jurisdiction. See 28 U.S.C. § 2244 (addressing successiveness); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (in the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims) *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015).

Accordingly, this action will be dismissed without prejudice for lack of jurisdiction and Petitioner's Addenda will be dismissed as moot.

**III. CONCLUSION**

For the reasons stated herein, the instant § 2241 Petition is dismissed without prejudice for lack of jurisdiction and the Addenda are dismissed as moot.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1] is **DISMISSED** for lack of jurisdiction

2. Petitioner's Addenda [Docs. 3, 4] are **DISMISSED** as moot.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: August 31, 2022

Robert J. Conrad, Jr.
United States District Judge

5

Case 3:19-cv-00488-RJC   Document 5   Filed 08/31/22   Page 5 of 5